UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ADAMS,

        Petitioner,

        Case No. 15-cv-11209

v.

        HON. MARK A. GOLDSMITH

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 14); (2) GRANTING RESPONDENT TIME TO FILE A SUPPLEMENTAL ANSWER TO THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY (Dkt. 10)**

## I. INTRODUCTION

Petitioner Terry Adams, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his conviction for carjacking. In the original petition, Petitioner raises three claims for relief. Respondent filed an answer to the petition (Dkt. 12).

Petitioner filed a motion to amend the petition for writ of habeas corpus, in which he seeks to amend his habeas petition (Dkt. 14). Petitioner also filed a motion for immediate release from custody (Dkt. 10). Respondent has not responded to the motion to amend the petition for writ of habeas corpus, but has filed a response to the motion for immediate release from custody (Dkt. 11).

For the reasons stated below, the Court grants the motion to amend the petition for writ of habeas corpus. The Court will grant Respondent an additional 60 days to respond to the

1

amended petition for writ of habeas corpus. The Court denies the motion for immediate release from custody.

## II.  ANALYSIS

### A.  Motion to Amend the Habeas Petition

Petitioner moves to amend his habeas petition, in which he seeks to add two additional claims that he raised in the state courts but failed to list on the pre-printed habeas form as grounds for relief. Petitioner notes that he did attach documents in support of these additional claims.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. Clemmons v. Delo, 177 F.3d 680, 686 (8th Cir. 1999) (citing to Fed. R. Civ. P. 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. Coe v. Bell, 161 F.3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997). However, delay by itself is not sufficient to deny a motion to amend. Coe, 161 F.3d at 342.

Petitioner did not separately list all of the claims for relief in his petition, as required by Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. However, the appropriate liberal construction of a pro se habeas petition, even though it is vague and conclusory, requires active interpretation in some cases to construe a pro se petition to encompass any allegation which may state a ground for federal relief. See Franklin v. Rose, 765 F.2d 82, 84-85 (6th Cir. 1985). This Court is willing to incorporate the arguments raised in the documents that Petitioner attached to his petition as being part of Petitioner's application for writ

of habeas corpus. See, e.g., Burns v. Lafler, 328 F. Supp. 2d 711, 717 n.2 (E.D. Mich. 2004). Because Petitioner's original habeas petition and the attachments to it did refer to these additional claims in some manner, the Court grants the motion to amend the habeas petition to add these two claims. See Stewart v. Angelone, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court will also grant Respondent 60 days to answer and brief the issues raised by the amended petition to ensure that Respondent has sufficient time to fully address the amended petition. See Stewart, 186 F.R.D. at 344; Rules Governing § 2254 Cases, Rule 4.

### B. Motion for Immediate Release From Custody

Petitioner also filed a motion for immediate release from custody. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993); see also Nash v. Eberlin, 437 F.3d 519, 526 n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990). Federal courts may grant bail when granting the writ. See Sizemore v. District Court, 735 F.2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that Petitioner failed to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. See, e.g., Greenup v. Snyder, 57 F. App'x 620, 621-622 (6th Cir. 2003). Therefore, the Court denies Petitioner's motion for bond.

### III. CONCLUSION

For the reasons stated above, the Court grants Petitioner's motion to amend the habeas petition (Dkt. 14). Respondent has 60 days from the date of this order to file a supplemental

answer addressing the additional claims. The Court denies his motion for immediate release from custody (Dkt. 10).

SO ORDERED.

Dated: December 17, 2015  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2015.

s/Karri Sandusky
Case Manager