UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ADAMS,

          Petitioner,

                                          Case No. 15-cv-11209

v.

                                          HON. MARK A. GOLDSMITH

SHAWN BREWER,

          Respondent.

_____/

**OPINION AND ORDER
(1) DENYING THE MOTION FOR RECONSIDERATION (Dkt. 24) AND (2)
DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A
CERTIFICATE OF APPEALABILITY (Dkt. 24) AND THE MOTION TO
SUPPLEMENT EXHIBITS (Dkt. 25) TO THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

Petitioner Terry Adams filed a petition for writ of habeas corpus, challenging his conviction for carjacking, Mich. Comp. Laws § 750.529a; and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. On March 29, 2016, the Court denied Petitioner's application for a writ of habeas corpus, declined to issue a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. Adams v. Brewer, No. 15-CV-11209, 2016 WL 1223350 (E.D. Mich. Mar. 29, 2016).

Petitioner has now filed a notice of appeal with the United States Court of Appeals. Petitioner has also filed a motion for a certificate of appealability and a related motion to supplement exhibits, which this Court will treat in part as a motion for reconsideration of the Court's prior decision to deny Petitioner a certificate of appealability. For the reasons that follow, the Court will deny Petitioner's motion for reconsideration. The Court will further order

that Petitioner's motion for a certificate of appealability and the motion to supplement exhibits be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court previously denied Petitioner a certificate of appealability when it denied the petition for writ of habeas corpus.  Therefore, the Court will construe Petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability in this case.  See, e.g., Jackson v. Crosby, 437 F.3d 1290, 1294 n. 5 (11th Cir. 2006).

Pursuant to Local Rule 7.1(h), the Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  Rather, a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case."  Id.  A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain."  United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Other than conclusory or unsupported allegations, Petitioner has failed to advance any arguments in his motion for a certificate of appealability that shows that this Court erred in denying the petition for writ of habeas corpus and in declining to issue a certificate of appealability.  A habeas petitioner's conclusory assertion that jurists of reason would find his or her claims to be debatable is insufficient to warrant the issuance of a certificate of appealability. See Babgy v. Saffle, 53 F. App'x 25, 28 (10th Cir. 2002).  Therefore, the Court denies Petitioner's request for reconsideration, because Petitioner is merely presenting issues that were already ruled upon by this Court, either expressly or by reasonable implication, when the Court

denied Petitioner's application for writ of habeas corpus and denied him a certificate of appealability.  See Hence v. Smith, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

The Court further notes that the proper procedure when a district court denies a certificate of appealability is for Petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence.  See Sims v. United States, 244 F. 3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)).  In light of the fact that this Court has already denied Petitioner a certificate of appealability, Petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that Petitioner's motion for a certificate of appealability and his related motion to supplement exhibits to be transferred to the United States Court of Appeals for the Sixth Circuit.

Accordingly, the Court denies Petitioner's request for reconsideration of the Court's previous denial of a certificate of appealability (Dkt. 24), and orders the Clerk of the Court to transfer Petitioner's "Motion for A Certificate of Appealability" (Dkt. 24) and his related "Motion to Supplement Exhibits" (Dkt. 25) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

Dated:  June 8, 2016                                      s/Mark A. Goldsmith
    Detroit, Michigan                              MARK A. GOLDSMITH
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2016.

                                        s/Karri Sandusky
                                        Case Manager